IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
)
MARIO MANDOLFO, ) CASE NO. BK04-84061
)
Debtor(s). ) CH. 11

ORDER

Hearing was held in Omaha, Nebraska, on April 5, 2005, on the United States Trustee's motion to appoint a trustee (Fil. #18), joinder in the motion by creditor Joseph Mandolfo (Fil. #71), and resistance by the debtor (Fil. #42). David Hicks appeared for the debtor, Jerry Jensen appeared for the United States Trustee, Ted Boecker appeared for Joseph Mandolfo and Delivery Systems (Manitoba), and Henry Carriger appeared for the Internal Revenue Service.

The United States Trustee has moved for appointment of a trustee pursuant to 11 U.S.C. § 1104(a). Appointment of a trustee in a Chapter 11 case is an extraordinary remedy. The movant has the burden of proof to establish facts justifying the appointment of a trustee under § 1104(a). See In re St. Louis Globe-Democrat, Inc., 63 B.R. 131, 138 (Bankr. E.D. Mo. 1985).

Section 1104(a)(1) requires the court to appoint a trustee on a showing of cause, including fraud, dishonesty, incompetence, or gross mismanagement of the debtor's affairs, either before or after the commencement of the case.

The evidence currently before the court, namely the judgments entered against the debtor finding that he transferred several hundred thousand dollars, without authorization, from an account that did not belong to him, provides clear and convincing evidence of cause for appointment of a trustee. At a minimum, that conduct demonstrates dishonesty.

In addition, the record indicates that the debtor transferred or encumbered certain rental properties within 60 days before filing for bankruptcy protection. Leaving aside the question of whether or not such conduct violated a Sarpy County District Court order in connection with the debtor's marital separation proceedings, the transfers may well constitute preferential transfers which should be recovered for the estate. The debtor has given no indication that he intends to take action to recover those assets.

Moreover, the debtor testified at the first meeting of creditors that the past four years of personal tax returns had not been completed or filed.

Among his arguments in resistance to the motion, the debtor argues that appointment of a trustee will simply increase the administrative expenses and decrease the amount of money available to creditors. The debtor is correct that a trustee will incur administrative expenses. However, the trustee may well recover additional funds for the estate, and will certainly conduct an orderly distribution of assets, particularly if, as the debtor suggests, the business should be liquidated.

Accordingly, I find that cause exists for appointment of a trustee under § 1104(a)(1). Even if the facts related above do not rise to the level of "cause" contemplated in § 1104(a)(1), I find such appointment to be in the best interest of this estate's creditors under § 1104(a)(2).

IT IS ORDERED the United States Trustee's motion to appoint a trustee (Fil. #18) is granted. The United States Trustee is directed to appoint a suitable trustee as soon as can be arranged.

DATED:    May 9, 2005

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    David Hicks
    Ted Boecker
    Henry Carriger
    *United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.