IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| MARIO MANDOLFO, | ) | CASE NO. BK04-84061 |
| | ) | |
| Debtor(s). | ) | CH. 7 |

ORDER

Hearing was held in Omaha, Nebraska, on November 9, 2006, on the Chapter 7 Trustee's motion to compromise controversy concerning division of marital assets and liabilities between the bankruptcy estate and non-debtor Yvonne Mandolfo under Federal Rule of Bankruptcy Procedure 9019 (Fil. #320). Objections were filed by the Internal Revenue Service (Fil. #334) and Joseph Mandolfo and Delivery Systems (Manitoba), Ltd. (Fil. #335). David Hicks appeared for the debtor; Henry Carriger appeared for the Internal Revenue Service; Ted Boecker appeared for Joseph Mandolfo and Delivery Systems (Manitoba), Ltd.; Alan Pedersen appeared for the Chapter 7 Trustee; and Greg Scaglione appeared for Yvonne Mandolfo.

The motion to compromise deals with a proposed agreement between the bankruptcy trustee and the debtor's wife regarding a division of assets and liabilities for purposes of the debtor's marital separation. The agreement was approved, subject to this court's jurisdiction, by the Sarpy County District Court, where the parties' legal separation action is pending. The trustee now seeks this court's approval of the agreement. The trustee believes it to be in the best interests of the bankruptcy estate and creditors, as it terminates Mrs. Mandolfo's interest in certain of the debtor's assets, it assigns certain liabilities to her and releases the estate from such claims, and it permits the estate to pursue certain claims against Mrs. Mandolfo if necessary.

The concerns raised by the Internal Revenue Service appear to have been settled, so the only remaining objection is by Joseph Mandolfo and Delivery Systems (Manitoba), Ltd. (both of whom will be referred to collectively as "Joseph Mandolfo"). Joseph Mandolfo objects to the proposed compromise because he believes the agreement will inappropriately transfer assets out of the estate and away from creditors while assigning many of the marital liabilities to the debtor, in what he believes is a sham transaction designed to shield as many assets as possible from the reach of the debtor's creditors. Joseph Mandolfo urges this court to examine the marital estate and whether this agreement constitutes an equitable division of the property under Nebraska statutory principles.

This court will not review matters of family law, with which the state court is abundantly more familiar. The Sarpy County District Court has approved the terms of the agreement, subject only to this court's consideration of the agreement as it is affected by the Bankruptcy Code. See White v. White (In re White), 851 F.2d 170, 173 (6th Cir. 1988) (quoting MacDonald v. MacDonald (In re MacDonald), 755 F.2d 715, 717 (9th Cir. 1985) ("It is appropriate for bankruptcy courts to avoid invasions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'")).

The only question for the court to decide is whether the settlement is fair, equitable, and in the best interest of the bankruptcy estate. A bankruptcy court has the right to approve settlements and may do so over objection as long as the settlement is in the best interest of the estate as a whole. Drexel Burnham Lambert, Inc., v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.), 730 F.2d 1128, 1138 (8th Cir. 1984); Fed. R. Bankr. P. 9019. Compromise is an art, not a science. Nangle v. Surratt-States (In re Nangle), 288 B.R. 213, 220 (B.A.P. 8th Cir. 2003). There is no "best compromise," only a range of reasonable compromises, and as long as the compromise before the court falls within that range, it may be approved. PW Enter., Inc. v. Kaler (In re Racing Servs., Inc.), 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005). In determining whether a settlement is fair, reasonable, and adequate, the court must consider all factors bearing on the fairness of the settlement, including the probability of success in the litigation; the difficulties, if any, to be encountered in collection; the complexity of the litigation involved and the expense, inconvenience, and delay associated with it; and the paramount interest of the creditors and a proper deference to their reasonable views. Flight Transp. Corp. Sec. Litig., 730 F.2d at 1135 (quoting Drexel v. Loomis, 35 F.2d 800, 806 (8th Cir. 1929)); ReGen Capital III, Inc. v. Official Comm. of Unsec. Creditors (In re Trism, Inc.), 282 B.R. 662, 667 (B.A.P. 8th Cir. 2002). When considering a contested motion, the court must determine the facts relevant to the legal inquiry, Trism, 282 B.R. at 667, but the court need not resolve all factual disputes before approving a settlement. New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.), 951 F.2d 932, 939 (8th Cir. 1991).

The trustee testified he believes the settlement agreement is beneficial to the estate because the compromises reached therein will likely result in more net cash for the estate than either attempting to undo some of the transfers between Mr. and Mrs. Mandolfo or dividing the proceeds of asset sales with Mrs. Mandolfo, particularly when some of the assets were jointly owned and the trustee would be attempting to sell only a percentage of the asset.

The trustee further testified his intent in entering into the agreement was to obtain for the estate the value of what he could have gotten via litigation with Mrs. Mandolfo, but without the expense and delay of doing so. He estimated that litigation would have cost at least $50,000 and taken three years. He also believed the debtor's assets which would have had the most value to the estate (the restaurant franchises) would not survive litigation due to their financial instability.

The trustee repeatedly made clear in his testimony, in response to numerous questions on cross-examination, that he is not interested in the finer points of dividing marital assets and does not care about funds which were allegedly embezzled by the debtor. The trustee's sole concern is the recovery of as much as reasonably possible for the bankruptcy estate. In his judgment, the proposed settlement agreement accomplishes that goal.

It does not appear that the trustee's assessment of the cost (both in terms of expense and in terms of diminution of the assets' value), delay, and probability of success of litigating these matters is unreasonable. These are three of the factors appropriately considered in evaluating the reasonableness of a proposed compromise, and they favor the trustee.

The fourth factor to be considered is the interests of creditors. The only creditors who

pursued an objection were the Joseph Mandolfo entities. They argue that they may well have an interest in the property to be transferred to Mrs. Mandolfo and a constructive trust should be imposed on it in their favor. The debtor's testimony at the hearing indicates he believed he had tacit permission to take the money he is accused of taking from Joseph Mandolfo, which raises questions about Joseph Mandolfo's theories of embezzlement and constructive trusts. The debtor also testified he used the bulk of the money which is the subject of a judgment in favor of Joseph Mandolfo for his sports tour business, not for purchasing the residential real estate which is being transferred to Mrs. Mandolfo in the property settlement agreement.

Despite Joseph Mandolfo's fervid arguments in opposition to the compromise, I find no real basis for denying approval of the agreement. The trustee has demonstrated that the agreement is a reasonable resolution of property division issues in the best interest of the bankruptcy estate. Therefore, the agreement will be approved.

IT IS ORDERED the Chapter 7 Trustee's motion to compromise controversy concerning division of marital assets and liabilities between the bankruptcy estate and non-debtor Yvonne Mandolfo under Federal Rule of Bankruptcy Procedure 9019 (Fil. #320) is granted.

DATED:     January 17, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard D. Myers
    Alan E. Pedersen
    David G. Hicks
    Henry N. Carriger
    Theodore R. Boecker, Jr.
    Gregory C. Scaglione
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.